IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JOHN JACKSON,**

    **Plaintiff,**

**vs.**

**UNITED STATES STEEL CORPORATION,**

    **Defendant.**                                 **No. 05-CV-486 DRH**

<u>**MEMORANDUM & ORDER**</u>

**HERNDON, District Judge:**

### I. <u>INTRODUCTION and BACKGROUND</u>

Pending before the Court is defendant United States Steel Corporation's Motion to Dismiss, pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)** (Doc. 4) and also plaintiff John Jackson's Motion for Leave to File Amended Complaint (Doc. 12). Defendant initially removed this case from Illinois state court on the basis of diversity jurisdiction pursuant to **28 U.S.C. § 1332**. (Doc. 1.) Plaintiff did not move to remand. Defendant then filed its Motion to Dismiss (Doc. 4) and supporting memorandum. (Doc. 5.) Plaintiff filed a timely response in opposition to Defendant's motion. (Doc. 13.) That same day, Plaintiff also filed his Motion for Leave to File Amended Complaint. (Doc. 12.)

Facts relevant to this Order are that Plaintiff was previously employed by Wright Industrial Maintenance, Inc. ("Wright") as a laborer sometime in 2004.

(Doc. 2, ¶ 3.) Apparently, while employed by Wright, Plaintiff alleges he worked at one of the Defendant's business locations in Madison County, Illinois. (*Id.* at ¶ 5.) It was during this term of employment with Wright that Plaintiff alleges he suffered a work-related injury (specifically, second-degree burns to Plaintiff's legs), shortly prior to June 15, 2004. (*Id.*) Medical treatment was sought by Plaintiff and he also filed a first report of injury, pursuant to the Illinois Workers Compensation Act. (*Id.* at ¶ 6.) Plaintiff then alleges that on or about July 15, 2004, Defendant refused to let him return to its premises, thereby leaving Wright no choice but to terminate Plaintiff's employment, amounting to a breach of the contractual relationship existing between Wright and Plaintiff. (*Id.* at ¶¶ 7, 8.)

Plaintiff's one-count Complaint alleges a retaliatory discharge claim, seeking both compensatory and punitive damages in excess of $50,000. (*Id.* at p. 3.) Defendant argues in its Motion to Dismiss that Plaintiff has failed to properly plead the requisite elements to state a claim of retaliatory discharge, as well as failed to properly plead a claim of either intentional interference with a contract or business relationship. (Doc. 5, pp. 1-2.) A similar argument by Defendant is made in opposition of Plaintiff's Motion to Leave to File Amended Complaint. Therefore, the Court will first examine Plaintiff's Complaint under the legal standard to determine whether a valid claim has been plead. If not, the Court will then examine Plaintiff's proposed Amended Complaint to determine whether such amendments would correct any deficiencies previously noted in Plaintiff's original Complaint.

For the reasons addressed below, Defendant's Motion to Dismiss is

**GRANTED**. Plaintiff's Complaint is hereby **DISMISSED WITHOUT PREJUDICE**. The Court allows Plaintiff leave to file an Amended Complaint, but for reasons also addressed below cannot accept Plaintiff's proposed Amended Complaint. (Doc. 12, Ex. A.) Accordingly, Plaintiff's Motion for Leave to File Amended Complaint is **DENIED WITHOUT PREJUDICE**.

## II.  ANALYSIS

### A.  MOTION TO DISMISS STANDARD

When considering a motion to dismiss pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**, the Court must determine whether Plaintiff's Amended Complaint states a claim upon which relief can be granted. **See Fed. R. Civ. P. 12(b)(6)**. As part of its scrutiny, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of plaintiff. **See Szumny v. Am. Gen. Fin., 246 F.3d 1065, 1067 (7th Cir. 2001)(applying this standard to a Rule 12(b)(6) motion)**. The purpose of a motion to dismiss is not to decide the merits of the challenged claims but to test the sufficiency of the complaint. **Weiler v. Household Fin. Corp., 101 F.3d 519, 524 n.1 (7th Cir. 1996)**. A court will grant a motion to dismiss only if it is impossible for the plaintiff to prevail under any set of facts that could be proven consistent with the allegations. **Forseth v. Village of Sussex, 199 F.3d 363, 368 (7th Cir. 2000)**.

B.  **DEFENDANT'S MOTION TO DISMISS**

Defendant's argument in its Motion to Dismiss (Docs. 4 & 5) is that Plaintiff fails to state a claim upon which relief can be granted. In other words, Plaintiff's claim for retaliatory discharge must be dismissed because Plaintiff "has not sued his employer." (Doc. 5, p. 1.) Instead, Plaintiff has sued Defendant, for refusing to permit Plaintiff to return to its premises, which in turn, allegedly lead to Wright terminating Plaintiff's employment. (*See* Doc. 2.)

Under Illinois law, in order to state a proper claim for retaliatory discharge, Plaintiff must plead that "(1) [he was] discharged; (2) in retaliation for [his] activities; and (3) that the discharge violates a clear mandate of public policy." ***Thomas v. Guardsmark, Inc.*, 381 F.3d 701, 708 (7th Cir. 2004) (citing *Zimmerman v. Buchheit of Sparta, Inc.*, 164 Ill.2d 29, 645 N.E.2d 877, 880, 206 Ill. Dec. 625 (1994))**. Plaintiff's discharge must be actual, rather than merely constructive. ***Id.* (citing to *Buckner v. Atl. Plant Maint., Inc.*, 182 Ill.2d 12, 694 N.E.2d 565, 230 Ill. Dec. 596 (1998))**. As Defendant correctly asserts, "the only proper defendant in a retaliatory discharge action is the plaintiff's former employer." ***Buckner*, 182 Ill.2d at 22, 694 N.E.2d at 570, 230 Ill. Dec. at 601**.

Therefore, Plaintiff's Complaint, when construed as a retaliatory discharge claim, fails because it has not been brought against Plaintiff's former employer, Wright. Instead, Plaintiff has filed suit against Defendant. Plaintiff does not allege he was employed by Defendant. Clearly then, Plaintiff has not properly

4

plead a claim for retaliatory discharge. Yet even though Plaintiff has labeled his claim "retaliatory discharge," the Court must liberally construe Plaintiff's allegations, resolving any doubts in Plaintiff's favor. ***Parr v. Great Lakes Exp. Co.*, 484 F.2d 767, 769-70 (7th Cir. 1973)**.

In examining Plaintiff's Complaint, the allegations seem more properly stated as a claim for either a tortious[1] interference with a contract or tortious interference with a prospective economic advantage.[2] Defendant notes this potential dichotomy in its Motion to Dismiss and therefore further argues that Plaintiff has failed to properly plead either of these causes of action. (*See* Doc. 5, p. 2.) In response to Defendant's Motion to Dismiss, Plaintiff does not substantively contest Defendant's arguments, but rather offers to file an amended complaint in order to "cure the ambiguous language issues alleged by defendant in its Motion to Dismiss." (Doc. 13, ¶ 3.) Thus, Plaintiff filed his Motion for Leave to File Amended Complaint. (Doc. 12.) However, before considering Plaintiff's Motion for Leave, the Court must examine Plaintiff's initial Complaint to determine whether Plaintiff had properly

---

[1] Under Illinois law, the term "tortious" is sometimes used interchangeably with the term "intentional."

[2] For instance, paragraph 8 of Plaintiff's initial Complaint states:
8.  Defendant United States Steel Corporation was
    a.  aware of the *contractual relationship* between plaintiff and [Wright];
    b.  aware that [Wright] could not terminate plaintiff's employment as a result of plaintiff suffering a work-related injury; and
    c.  aware that, by refusing to permit plaintiff to set foot on United States Steel Corporation's property, it would intentionally and unjustifiably induce [Wright] to breach the *contractual relationship* that existed between plaintiff and [Wright].
(Doc. 2) (emphasis added).

5

plead any viable cause of action.

In order to properly plead a claim for tortious interference with a contract,[3] Plaintiff must include the requisite elements as follows: (1) the existence of a valid and enforceable contract; (2) defendant's awareness of the contract; (3) defendant's intentional and unjustified inducement of a breach of the contract; and (4) damages. **See *Cody v. Harris*, 409 F.3d 853, 859 (7th Cir. 2005**) **(citing *HPI Health Care Serv., Inc. v. Mt. Vernon Hosp., Inc.*, 131 Ill.2d 145, 545 N.E.2d 672, 676, 137 Ill. Dec. 19 (1989)); *Smock v. Nolan*, 361 F.3d 367, 372 (7th Cir. 2004) (also citing *HPI Health Care Services*)**. To plead a claim of tortious interference with a prospective economic advantage,[4] plaintiff must allege: (1) the existence of a valid business relationship or expectancy; (2) defendant's knowledge of the relationship or expectancy; (3) defendant's intentional interference inducing or causing a breach of termination of the relationship or expectancy; and (4) resultant damage to plaintiff. ***Small v. Sussman*, 306 Ill. App. 3d 639, 648, 713 N.E.2d 1216, 1223, 239 Ill. Dec. 366, 373 (1st Dist. 1999).**

Plaintiff alleges he had a "contractual relationship" with Wright, which was breached due to Defendant's intentional and unjustifiable inducement thereof. (Doc. 2, ¶¶ 3, 8.) The "contractual relationship" alleged by Plaintiff can neither be

---

[3] Under Illinois law, this cause of action is also sometimes referred to as "interference with contractual relations."

[4] Under Illinois law, this cause of action is also sometimes referred to as "interference with prospective business relationship or business expectancy."

6

definitively construed as a contract, a business relationship nor a prospective economic advantage. Plaintiff fails to allege the existence of a contract. Plaintiff similarly does not plead an expectation of entering into a valid business relationship or that one already existed. Therefore, it is possible that Plaintiff had properly plead a cause of action for either tortious interference with a contract or tortious interference with a prospective economic advantage, but for the use of ambiguous terminology, which only hybridizes the two causes of action. Determining which cause of action Plaintiff intended to plead is not possible, and given that the count was misnomered as a "retaliatory discharge" claim hardly lends aid to the Court's interpretation. ***See Vicom, Inc. v. Harbridge Merchant Services, Inc.*, 20 F.3d 771,776 (7th Cir. 1994) (stating that the Court should not allow a plaintiff to "plead by means of obfuscation.") (internal citation omitted)**. For these reasons, Defendant's Motion to Dismiss is well-taken as Plaintiff has failed to state a claim upon which relief can be granted.

**C.     PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Plaintiff's Motion for Leave to File Amended Complaint (Doc. 12) attaches the proposed Amended Complaint as Exhibit A. Defendant opposes Plaintiff's Motion, arguing that Plaintiff's proposed Amended Complaint continues to fails to properly plead a claim, as Plaintiff only revised his Complaint to make certain "cosmetic changes." (Doc. 14, p. 2.) The revised allegations in Plaintiff's Amended Complaint still fail to clarify what cause of action Plaintiff is asserting

7

against Defendant. Even though specifically identifying a particular cause of action in a complaint is not necessary, the allegations must be enough to give the defendant sufficient notice of a claim in order to file an answer. **Brown v. Budz, 398 F.3d 904, 908 (7th Cir. 2005) (citing *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002) (citing *Beanstalk Group, Inc. v. AM Gen. Corp.*, 283 F.3d 856, 863 (7th Cir. 2002))**.

Unfortunately for Plaintiff, the deficiencies noted by the Court regarding Plaintiff's initial Complaint also continue to apply to his proposed Amended Complaint. While the "retaliatory discharge" heading has been removed from the proposed Amended Complaint, it still remains unclear as to whether Plaintiff is alleging a claim of tortious interference with a contract or a claim of tortious interference with a prospective economic advantage or business relationship. As previously illustrated, these are two distinct causes of action under Illinois law, with different requisite elements. **Scheduling Corp. of America v. Massello, 119 Ill. App. 3d 355, 362, 456 N.E.2d 298, 303-04, 74 Ill. Dec. 796, 801-02 (1st Dist. 1983)**.

Because Plaintiff continues to use the phrase "contractual relationship" within his proposed amended allegations, the Court cannot decipher whether Plaintiff is referring to an actual written or implied contract existing between Plaintiff and Wright or a prospective economic advantage. Due to the continued ambiguity of Plaintiff's proposed Amended Complaint, the Court will not accept the instant

proposed Amended Complaint. The Court will, however, grant Plaintiff leave to file an Amended Complaint which corrects the deficiencies as identified in this Order.[5]

### III. CONCLUSION

The Court hereby **GRANTS** Defendant's Motion to Dismiss Plaintiff's Complaint. Plaintiff's Complaint is accordingly **DISMISSED WITHOUT PREJUDICE,** allowing Plaintiff leave to file an amended complaint in order to correct the pleading deficiencies as discussed in this Order. Plaintiff is granted thirty (30) days from the date of this Order to file said amended complaint. Therefore, Plaintiff's Motion for Leave to File Amended Complaint as proposed by the attached Exhibit A to Plaintiff's Motion is **DENIED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

Signed this 28th day of September, 2005.

/s/          David RHerndon
**United States District Judge**

---

[5] If Plaintiff at this time is not able to determine which cause of action to bring, the Court points out that Plaintiff can plead more than one cause of action, or else plead in the alternative, as long as such claims are not frivolous.