## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JOHN JACKSON,**

     **Plaintiff,**

**v.**

**UNITED STATES STEEL CORPORATION,**

     **Defendant.**                        **Case No. 05-CV-486-DRH**

### MEMORANDUM AND ORDER

**HERNDON, District Judge:**

### I.  INTRODUCTION

Pending before the Court is defendant United States Steel Corporation's Motion to Dismiss Plaintiff's First Amended Complaint, pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)** (Doc. 21.)  After removal from Illinois state court on the basis of diversity jurisdiction pursuant to **28 U.S.C. § 1332**, the Defendant filed a Motion to Dismiss.  (Doc. 4.)  This court dismissed the case without prejudice for failure to state a claim. (Doc. 19.)  Subsequently, Plaintiff filed a First Amended Complaint (Doc 20) and Defendant filed a Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 21) with supporting memorandum (Doc. 22) and a Motion for Judgment on the Pleadings (Doc. 23) with supporting memorandum (Doc. 24).

According to Plaintiff, in 2004, he was employed by Wright Industrial Maintenance, Inc. and Wright Industrial, Inc. ("Wright") as a laborer.  (Doc. 20, Count I, ¶ 3, Count II, ¶ 3.)  Plaintiff alleges this employment relationship with Wright arose

out of and was subject to a collective bargaining agreement between Wright and a local union, of which Plaintiff was a member.  (*Id*. at  Count I, ¶¶ 3–4, Count II, ¶ 3.)  Plaintiff states that the agreement only allowed Wright to terminate employment when "for cause."  (*Id*. at Count I, ¶ 3,  Count II, ¶ 3.)  While employed by Wright, Plaintiff worked at Defendant's business in Madison County, Illinois, where Plaintiff allegedly suffered a work-related injury, specifically second degree burns to his legs, shortly prior to June 15, 2004.  (*Id*. at Count I,  ¶ 5, Count II, ¶ 6.)  Plaintiff alleges that on or about June 15, 2004 Defendant refused to let him return to its premises to work.  (*Id*. at Count I, ¶ 6, Count II, ¶ 7.)

Plaintiff alleges Defendant had knowledge of the collective bargaining agreement  between Wright and Plaintiff, a member of the Union, and Defendant was aware  that  the  agreement  prohibited  Wright  from  terminating  the  Plaintiff's employment except "for cause."  (*Id*. at Count I, ¶¶ 7(a)–(b), Count II, ¶ 5.)  Allegedly, Defendant  was  aware  that  the  relationship  created  by  the  collective  bargaining agreement created an expectation that the relationship would continue in the future. (*Id*. at Count II, ¶ 5.)  Additionally, Plaintiff alleges that Defendant was aware that if it prohibited Plaintiff from working on its property, Plaintiff would not work at all for Wright, as Defendant was Wright's largest contract.  (*Id*. at Count I, ¶ 7(d).)  As a result,  Plaintiff  alleges  that  Defendant  induced  Wright  to  breach  the  contractual relationship that existed between Wright and Plaintiff by terminating him on or about June 15, 2004.  (*Id*. at Count I, ¶¶ 7(c), 10, Count II, ¶¶ 7, 10.)  Finally, Plaintiff states he suffered and continues to suffer damages, including wage loss, loss of

benefits, emotional distress, humiliation, embarrassment, pain and suffering as a result of Defendant's interference.  (*Id*. at Count I, ¶ 11, Count II, ¶¶ 10–11.)

Count I of Plaintiff's First Amended Complaint alleges tortious interference with a contract. (*Id*. at p. 1.)  Count II claims tortious interference with a prospective economic advantages.  (*Id*. at p. 4.)  Both counts seek both compensatory and punitive damages in excess of $75,000.  (*Id*. at pp. 3, 5.) Defendant argues that Plaintiff is improperly "alleging a claim for retaliatory discharge against defendant" under the guise of tortious interference claims.  (Doc. 22, p. 1.)  Therefore, the Court will examine Plaintiff's First Amended Complaint under the appropriate legal standards to determine if Plaintiff has plead a valid claim.

For the reasons addressed below, Defendant's Motion to Dismiss Plaintiff's First Amended Complaint is **DENIED**.  Accordingly, because Defendant's Motion for Judgment on the Pleadings is based on similar arguments, it is also **DENIED**.

## II. ANALYSIS

### A.    MOTION TO DISMISS

When considering a motion to dismiss pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**, the Court must determine whether Plaintiff's First Amended Complaint states a claim upon which relief can be granted.  ***See* FED. R. CIV. P. 12(b)(6)**.  As part of its scrutiny, the Court must accept all factual allegations

in the complaint as true and draw all reasonable inferences in favor of plaintiff. ***See Szumny v. Am. Gen. Fin.*, 246 F.3d 1065, 1067 (7th Cir. 2001) (applying this standard to a Rule 12(b)(6) motion)**. The purpose of a motion to dismiss is not to decide the merits of the challenged claims but to test the sufficiency of the complaint. ***Weiler v. Household Fin. Corp.*, 101 F.3d 519, 524 n. 1 (7th Cir. 1996)**. Under the **FEDERAL RULES OF CIVIL PROCEDURE**, detailed facts are unnecessary in a complaint. ***Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 714 (7th Cir. 2006) ("It is enough to name the plaintiff and the defendant, state the nature of the grievance, and give a few tidbits (such as the date) that will let the defendant investigate.")**. A court will grant a motion to dismiss only if it is impossible for the plaintiff to prevail under any set of facts that could be proven consistent with the allegations. ***Forseth v. Village of Sussex,* 199 F.3d 363, 368 (7th Cir. 2000)**.

## B.    DEFENDANT'S MOTION TO DISMISS

Defendant argues in his Motion to Dismiss Plaintiff's First Amended Complaint that Plaintiff fails to state a claim upon which relief can be granted. (Docs. 21 & 22.)  Defendant claims that Plaintiff alleges a retaliatory discharge claim couched in tortious interference claims, and argues that Plaintiff should be instead suing his employer, Wright, under retaliatory discharge, rather than Defendant. (Doc. 22, p. 1.)  However, this is not a retaliatory discharge claim.  Instead, Plaintiff sufficiently pleads proper claims for tortious interference with a contract and tortious interference with a prospective economic advantage.

### 1.    Tortious Interference with a Contract

In order to properly plead a claim for tortious interference with a contract,[1] Plaintiff must plead the following elements: (1) the existence of a valid and enforceable contract; (2) defendant's awareness of the contract; (3) defendant's intentional and unjustified inducement of a breach of the contract; (4) damages. **See Cody v. Harris, 409 F.3d 853, 859 (7th Cir. 2005) (citing  HPI Health Care Serv., Inc. v. Mt. Vernon Hosp., Inc., 131 Ill.2d 145, 545 N.E.2d 672, 676. 137 Ill. Dec. 19 (1989)); Smock v. Nolan, 361 F.3d 367, 372 (7th Cir. 2004)**.

In his complaint, Plaintiff sufficiently alleges a claim for tortious interference with a contract.  Plaintiff alleges the collective bargaining agreement between Wright and the Union of which Plaintiff is a member created a valid and enforceable written contract.  (Doc. 20, Count I, ¶ 3.)  Additionally, Plaintiff alleges that Defendant was aware of the agreement and Defendant "intentionally and unjustifiably induced Wright to breach" the agreement by refusing to permit Plaintiff to work on Defendant's property.  (Doc. 20, Count I, ¶¶ 3, 6–7.)  Finally, Plaintiff claims damages in the form of lost wages and benefits, emotional distress, humiliation, embarrassment, and pain and suffering. (Doc. 20, Count I, ¶ 11.) These allegations provide Defendant with sufficient notice to investigate the claim and withstand a motion to dismiss.  **See Kolupa, 438 F.3d at 714.**

---

[1] Under Illinois law, this cause of action is also referred to as "interference with contractual relations."

###### 2.   Tortious Interference with a Prospective Economic Advantage

To plead a claim of tortious interference with a prospective economic advantage,[2] plaintiff must allege: (1) the existence of a valid business relationship or expectancy; (2) defendant's knowledge of the relationship or expectancy; (3) defendant's intentional interference inducing or causing a breach of termination of the relationship or expectancy; and (4) resultant damage to the plaintiff. *Small v. Sussman*, 306 Ill. App. 3d 639, 648, 713 N.E.2d 1216, 1223, 239 Ill. Dec. 366, 373 (1st Dist. 1999).

Here, Plaintiff alleges a valid business relationship or expectancy existed between plaintiff and Wright based on his previous employment and the collective bargaining agreement. (Doc. 20, Count II, ¶ 3.) Additionally, Defendant was allegedly aware of the business relationship and expectation, and intentionally interfered with the relationship. (Doc. 20, Count II, ¶¶ 5, 8–9.) Plaintiff alleges that this interference caused Wright's breach of the relationship, and, as a result, Plaintiff suffered damages including loss of wages and benefits. Because Plaintiff has exceeded the notice-based standard for federal complaints, Plaintiff sufficiently alleges a claim for tortious interference with a prospective economic advantage.

Citing *Lusher v. Becker Bros., Inc.*, 155 Ill. App. 3d 866, 870, 509 N.E.2d 444, 466 (Ill. App. Ct. 1987) and *Williams v. Shell Oil Co.*, 18 F.3d 396, 402 (7th Cir. 1994), Defendant claims that Plaintiff had no reasonable expectation

---

[2]   Under Illinois law, this cause of action is also sometimes referred to as "interference with prospective business relationship or business expectancy."

of continued employment with Defendant.   However, the alleged expectancy for purposes of this claim is not Plaintiff's relationship with Defendant, but Plaintiff's relationship with his employer, Wright.   **See Quadro Enter., Inc. v. Avery Dennison Corp.**, **No. 97 C 5402, 1999 WL 759488 at \*8   (N.D.Ill. Sept. 8, 1999) (Pallmeyer, J.)**.   Plaintiff  has alleged that he was previously employed by Wright pursuant to a collective bargaining agreement, which constituted a valid, written contract prohibiting Wright from firing Plaintiff but "for cause." (Doc. 20, Count II, ¶ 3.) This sufficiently alleges an business relationship and expectancy.  Furthermore, the alleged existence of the collective bargaining agreement distinguishes this case from **Lusher**, where the plaintiff's relationship with his employer was an oral, at-will contract as an hourly wage employee. **155 Ill. App.3 d at 867, 509 N.E.2d at 444**. Similarly, in **Williams**, the plaintiff failed to claim an ongoing relationship with his employer or any expectation of continuing work.   **18 F.3d at 402**.

Also significant is that **Lusher** is an Illinois state case, which is a fact-pleading jurisdiction, whereas in this case, only notice-based pleading is required under the Federal Rules of Civil Procedure.  Therefore, federal courts must recognize that **Rule 12(b)(6)** motions to dismiss "arguments that rest on negative implications from silence are poorly disguised demands for fact pleading." **Kolupa, 438 F.3d at 715**.  In the instant matter, Plaintiff's allegations are adequate to survive a **Rule 12(b)(6)** challenge as to the reasonableness of Plaintiff's expectation, as all Plaintiff is required to do at this stage, is plead enough facts to apprise Defendant of the

general nature of his claims and the relief sought.  *See* FED. R. CIV. P. **8(a)**.

Defendant argues that both of Plaintiff's claims are merely claims of retaliatory discharge, which should be brought against Plaintiff's employer rather than Defendant.   However, because federal courts only require notice-based pleadings, **Rule 12(b)(6)** motions prove difficult for the moving party to prevail.  *See* FED. R. CIV. P. **8(a);** *Kolupa*, **438 F.3d at 714**.  At the motion to dismiss stage, the Court merely examines if Plaintiff has validly stated the claims and has plead in his complaint pursuant to the requirements in **Rule 8(a)** (unless the Plaintiff is pleading a special matter as specified in **Rule 9**).  *See Kolupa*, **438 F.3d at 715**.  If so, absent other affirmative defenses Defendant may assert, Plaintiff's claims survive the motion.  Because the Plaintiff's First Amended Complaint meets the federal pleading requirements, it survives the **Rule 12(b)(6)** motion and Defendant's retaliatory discharge arguments will therefore not be considered at this time.  The Court should not speculate as to whether the Plaintiff has underlying intentions in bringing forth these claims.   The detailed information Defendant seeks can be supplied later, usually through discovery.  *Id.* **at 714**.  If, at that time, Defendant continues to believe Plaintiff cannot present his case, Defendant may move for summary judgment.

### III.  CONCLUSION

The Court hereby **DENIES** Defendant's Motion to Dismiss Plaintiff's First Amended Complaint.  (Doc. 21.)  Further, because Defendant's Motion for

Judgment on the Pleadings (Doc. 23) is based on similar arguments, that motion is also **DENIED**.

        **IT IS SO ORDERED.**

Signed this 3rd day of April, 2006.

                           /s/           David   RHerndon
                           **United States District Judge**